IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ANTHONY WAYNE HARDIGREE,  )
  )
    Plaintiff,  )
  )    CIVIL ACTION NO.
v.  )
  )    2:17-cv-00236-RWS
STATHAM POLICE OFFICER  )
MARC LOFTON, individually, CITY  )
OF STATHAM, STATE TROOPER  )
GARRETT SMITH, individually, and  )
BARROW COUNTY SHERIFF'S  )
DEPUTY GEIMAN, individually,  )
  )
    Defendants.  )

## ANSWER OF CITY OF STATHAM, GEORGIA
## TO FIRST AMENDED COMPLAINT

Comes now the City of Statham, Georgia ("Statham") and answers plaintiff's first amended complaint as follows:

### FIRST DEFENSE

For a first defense, this defendant shows that the first complaint fails to state a claim against it upon which relief can be granted.

### SECOND DEFENSE

For a second defense, this defendant shows that the first amended complaint is a shotgun complaint and should be dismissed.

## THIRD DEFENSE

For a third defense, this defendant responds to the numbered paragraphs of the first amended complaint as follows:

### 1.

In response to the allegations of paragraph 1, this defendant shows that it is not required to respond to allegations which merely seek to characterize the claims plaintiff is asserting against Statham and any other named defendants in the present action.  To the extent that a further response is required, this defendant expressly denies that it breached any legal duty owed to plaintiff under federal or state law and expressly denies that  plaintiff has stated any viable claims against it, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

### 2.

In response to the allegations of paragraph 2, this defendant shows that it is not required to respond to allegations which merely seek to characterize the claims plaintiff is asserting against Statham and any other named defendants in the present action.  To the extent that a further response is required, this defendant expressly denies that it breached any legal duty owed to plaintiff under federal or state law and expressly denies that  plaintiff has stated any viable claims against it, under the

Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

3.

On information and belief, the allegations of paragraph 3 are admitted.

4.

On information and belief, the allegations of paragraph 4 are admitted.

5.

In response to the allegations of paragraph 5, this defendant admits only that Marc Lofton was formerly employed by Statham as a law enforcement officer, duly certified as such under the laws of the State of Georgia; that he was employed by Statham on August 4, 2016; and that in connection with any interactions Lofton may have had with plaintiff on said date, or thereafter, he was acting solely and exclusively within his discretionary authority as a duly certified law enforcement officer.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

6.

In response to the allegations of paragraph 6, this defendant admits only that Statham is a municipal corporation, organized and existing under the laws of the State of Georgia, with all duties and powers inherent in its capacity as such.

7.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, therefore, this defendant can neither admit nor deny the same.

8.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and, therefore, this defendant can neither admit nor deny the same.

9.

In response to the allegations of paragraph 9, this defendant shows that plaintiff's generic use of the term "defendants," without identifying what each defendant is alleged to have done, in this paragraph and in paragraphs 11-18, 21-23, 25, 27, 34-35, 38-39, 43-46, 47, 49, 51-52 and 61, constitutes what the 11th Circuit has characterized as "shotgun" pleading authorizing this Court to dismiss the entire complaint on said basis.  In further response to this paragraph and in responses below to the paragraphs referenced above, Statham initially shows that it is a municipal corporation, not an individual and, therefore, did not enter the residence where plaintiff allegedly resided, use any force with regard to plaintiff, arrest him or commit any of the acts generically alleged in said paragraphs to have

been committed by "defendants."  As such, the allegations of this paragraph and the allegations in each of the paragraphs referenced above are denied as stated.

10.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

11.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

12.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

13.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

14.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

15.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

16.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

17.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

18.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9

above and denies the allegations of this paragraph as stated.

19.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, this defendant can neither admit nor deny the same.

20.

In response to the allegations of paragraph 20, this defendant admits only that Lofton had previously arrested Hardigree in September 2015 and that the citations issued by Lofton to Hardigree at that time and Lofton's incident report will speak for themselves in this regard. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

21.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

22.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

23.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

24.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, can neither admit nor deny the same.

25.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

26.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, can neither admit nor deny the same.

27.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9

above and denies the allegations of this paragraph as stated.

28.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, can neither admit nor deny the same.

29.

In response to the allegations of paragraph 29, this defendant shows that video exists of the interactions between the officers who were present at the residence where plaintiff alleges he was residing on August 4, 2016 and that said video will speak for itself and provides the best evidence of any interactions and communications that took place between plaintiff and any of said officers.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 29 above and shows that in addition to the available video, incident reports prepared by Lofton and any of the other officers who were present at the residence where plaintiff alleges he was residing on August 4, 2016 will speak for themselves in

this regard.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

31.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 9, and 29 and 30 above.  In further response, this defendant admits only that Lofton appears to have used his Taser in response to plaintiff's actions. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

32.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, can neither admit nor deny the same.

33.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, therefore, can neither admit nor deny the same.

34.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9

above and denies the allegations of this paragraph as stated.

35.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its responses to paragraph 9 above.  In further response, this defendant admits only that plaintiff was arrested and charged by Lofton with assault, obstruction of a law enforcement officer and disorderly conduct and shows that the citations issued to plaintiff will speak for themselves.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

36.

The allegations of paragraph 36 are denied.

37.

In response to the allegations of paragraph 37, this defendant admits only that the charges against Hardigree "were dismissed on or about January 10, 2017" based on a discretionary decision by the solicitor who determined that "probable cause existed but it would not be able to prove beyond a reasonable doubt." Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

-11-

38.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

39.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

40.

The allegations of paragraph 40 are denied as stated.

41.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

42.

The allegations of paragraph 42 are denied.

43.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9

above and denies the allegations of this paragraph as stated.

44.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

45.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

46.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

47.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

48.

The allegations of this paragraph are denied.

49.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

50.

In response to the allegations of paragraph 50, this defendant shows that it is not required to respond to those allegations which merely set forth plaintiff's interpretation of state or federal law.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

51.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

52.

In response to the allegations of this paragraph, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

53.

The allegations of paragraph 53 are denied.

54.

The allegations of paragraph 54 are denied.

55.

The allegations of paragraph 55 are denied.

56.

In response to the allegations of paragraph 56, this defendant re-alleges and incorporates by reference, as if fully set forth herein, its response to paragraph 35 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

57.

The allegations of paragraph 57 are denied.

58.

The allegations of paragraph 58 are denied.

59.

The allegations of paragraph 59 are denied.

60.

The allegations of paragraph 60 are denied.

61.

In response to the allegations of this paragraph, this defendant re-alleges and

incorporates by reference, as if fully set forth herein, its response to paragraph 9 above and denies the allegations of this paragraph as stated.

62.

The allegations of paragraph 62 are denied.

63.

The allegations of paragraph 63 are denied.

64.

The allegations of paragraph 64 are denied.

65.

In response to the allegations of paragraph 65, this defendant shows that it is not required to respond to those allegations which merely provide plaintiff's interpretation of state or federal law.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

66.

The allegations of paragraph 66 are denied.

67.

The allegations of paragraph 67 are denied.

68.

The allegations of paragraph 68 are denied.

69.

The allegations of paragraph 69 are denied.

70.

The allegations of paragraph 70 are denied.

71.

The allegations of paragraph 71 are denied.

72.

In response to the allegations of paragraph 72, this defendant admits only that it received a letter from plaintiff's counsel dated July 6, 2017 which letter discusses the subject matter addressed in plaintiff's first amended complaint and which letter will speak for itself regarding its contents. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

73.

In response to the allegations of paragraph 73, this defendant re-alleges and incorporates by reference, defendant's response to paragraph 72 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

74.

In response to the allegations of paragraph 74, this defendant admits only that, as of August 4, 2016, it was a party to a coverage agreement issued to it by

the Georgia Interlocal Risk Management Agency and that the declarations pages and terms and conditions of the subject coverage agreement will speak for themselves regarding the liability coverages provided therein and the limits of said coverages.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

75.

In response to the allegations of paragraph 75, this defendant re-alleges and incorporates by reference, defendant's response to paragraph 74 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

76.

The allegations of paragraph 76 are denied.

77.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## **FOURTH DEFENSE**

For a fourth defense, Statham shows that it breached no legal duty owed to plaintiff.

## **FIFTH DEFENSE**

For a fifth defense, Statham asserts the defense of sovereign immunity.

## SIXTH DEFENSE

For a sixth defense, Statham shows that no policy statement, regulation, custom or practice of Statham was the moving force of any purported violation of plaintiff's federal rights.

## SEVENTH DEFENSE

For a seventh defense, Statham shows that there existed both actual and arguable probable cause for any discretionary decisions made by Lofton with regard to plaintiff's detention, arrest, incarceration, prosecution and any force used by Lofton to effectuate plaintiff's arrest.

## EIGHTH DEFENSE

For an eighth defense, this defendant shows that the Fourteenth Amendment to the Constitution of the United States has absolutely no application in the present action and that there are no specific allegations in the complaint even alleging a violation of the Fourteenth Amendment.

## NINTH DEFENSE

For a ninth defense, this defendant shows that the Americans With Disabilities Act has absolutely no application whatsoever in connection with the present action and that there are no specific allegations in the complaint alleging any violations of the Americans With Disabilities Act.

-19-

## TENTH DEFENSE

For a tenth defense, this defendant shows that the criminal prosecution of Hardigree arising from the charges leveled against him by Lofton did not constitute a seizure under the Fourth Amendment.

## ELEVENTH DEFENSE

For an eleventh defense, this defendant shows that because plaintiff's charges resulted in a prosecution, he has no viable claims to assert for false arrest under federal or state law.

## TWELFTH DEFENSE

For a twelfth defense, Statham shows that it is entirely immune from any claims for punitive damages.

## THIRTEENTH DEFENSE

For a thirteenth defense, Statham shows that any force used by Lofton to lawfully arrest plaintiff was *de minimus* in nature and did not rise to the level necessary to support a Fourth Amendment violation and was objectively reasonable under the circumstances presented in any event.

Wherefore, having fully answered, Statham prays that verdict and judgment be entered in its favor, with all costs cast against plaintiff; that it have a trial by jury with regard to all triable issues; and that it have such other and further relief as

the Court deems just and proper in the circumstances.

This 23rd day of January, 2018.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendant*
*City of Statham, Georgia*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ANTHONY WAYNE HARDIGREE,    )
                                                        )
            Plaintiff,                            )
                                                        )        CIVIL ACTION NO.
v.                                                     )
                                                        )        2:17-cv-00236-RWS
STATHAM POLICE OFFICER          )
MARC LOFTON, individually, CITY   )
OF STATHAM, STATE TROOPER     )
GARRETT SMITH, individually, and  )
BARROW COUNTY SHERIFF'S        )
DEPUTY WOOD, individually,         )
                                                        )
            Defendants.                        )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing

**Answer of City of Statham, Georgia to First Amended Complaint** with the

Clerk of the Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Zack Greenamyre                          Robert B. Shapiro
Mitchell & Shapiro LLP                  Assistant Attorney General
3490 Piedmont Road, Suite 650    State Law Department
Atlanta, GA  30305                        40 Capitol Square, SW
                                                      Atlanta, GA  30334

and by email to:

James R. Westbury, Jr.                Phillip E. Friduss
Westbury & Bennett, P.C.              Hall Booth Smith, P.C.
1012 Memorial Drive, Suite 13         191 Peachtree Street, Suite 2900
Griffin, GA  30223                    Atlanta, GA  30303

This 23rd day of January, 2018.


                                      /s/ Harvey S. Gray
                                      Harvey S. Gray
                                      Georgia Bar No. 305838
                                      Dianna J. Lee
                                      Georgia Bar No. 163391
                                      *Attorneys for Defendant*
                                      *City of Statham, Georgia*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com